**580**

**In re: Rasool B. PATEL, Debtor,**

**Ramzan P. Thobani, Appellant,**

v.

**Salim PATEL; et al., Appellees.**

No. 03–55958.

BAP No. CC–02–01612–MoPB.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Jan. 8, 2004.

Ramzan P. Thobani, pro se, Lakewood, CA, for Appellant.

Jeffrey B. Smith, Jeffrey B. Smith Law Offices, Long Beach, CA, Richard K. Diamond, Danning, Gill, Diamond & Kollitz, Los Angeles, CA, for Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Ramzan R. Thobani appeals pro se the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's order, which held that his $54,638.34 claim against Chapter 7 debtor Rasool Patel was not a "community" claim under 11 U.S.C. § 101(7) or for the purposes of 11 U.S.C. § 726(c). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo decisions of the BAP, and we review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *Hanf v. Summers (In re Summers)*, 332 F.3d 1240, 1242 (9th Cir.2003). We affirm.

Thobani was not entitled to an adversary proceeding in conformity with Bankruptcy Rule 7001 because the bankruptcy court made its determination that Thobani's claim was not a "community claim" in the course of a challenge to the allowance of his claim pursuant to 11 U.S.C. § 502, and such challenges are governed by Bankruptcy Rule 3007. *See* Fed. R. Bankr.P. 3007. Moreover, Thobani did not demonstrate that he demanded an adversary proceeding, or that the lack of such a proceeding prejudiced him. *See Trust Corp. of Montana v. Patterson (In re Copper King Inn, Inc.)*, 918 F.2d 1404, 1406–07 (9th Cir.1990).

Thobani's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.